**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>THE STATE OF NEW MEXICO, *et al.*,<br><br>*Defendants.* | 1:26-cv-01471-KG-LF |

**STIPULATION**

This STIPULATION is made by and between Plaintiff United States, Defendant Attorney General Raúl Torrez, and Defendant State of New Mexico (together, "Parties").

**RECITALS**

1. On February 5, 2026, Defendant Governor Lujan Grisham signed HB9 (also known as the Immigrant Safety Act) into law. Pursuant to the New Mexico Constitution, HB9 would go into effect 90 days after adjournment of the legislature that passed the bill, i.e., on May 20, 2026. N.M. Const. art. VI, § 23.

2. Section 3.A. of HB9 states:

   A public body shall not enter into, extend, renew or otherwise agree to be a party to an agreement to detain individuals for federal civil immigration violations, including an intergovernmental services agreement to detain individuals for civil immigration violations. A public body shall not enter into, extend, renew or otherwise agree to a rider, amendment, supplement or other modification to an agreement where the rider, amendment, supplement or other modification is to detain individuals for federal civil immigration violations.

3. Section 3.B. of HB9 states:

   A public body that is a party to an existing agreement that is used to detain individuals for federal civil immigration violations shall, upon the effective date

of the Immigrant Safety Act, terminate the agreement upon the earliest date permissible under the terms of the agreement, with respect to all provisions that relate to the detention of individuals for federal civil immigration violations.

4. Section 5.A. of HB9 states:

The attorney general or a district attorney may institute a civil action in district court if the attorney general or district attorney has reasonable cause to believe that a violation of the Immigrant Safety Act has occurred or to prevent a violation of that act from occurring.

5. Otero County and DHS Immigration and Customs Enforcement ("ICE") are parties to an Intergovernmental Services Agreement ("Otero-ICE Agreement") that went into effect on March 16, 2026 and which concerns the provision of civil immigration detention services to ICE through the County's operation of the Otero County Processing Center ("OCPC").

6. Otero County is also party to an Operations, Management, and Maintenance Agreement ("Otero-MTC Agreement") with the Management & Training Corporation, a private entity, for the management and operation of OCPC. The Otero-MTC Agreement went into effect on February 14, 2024.

7. On May 8, 2026, Plaintiff United States filed a Complaint in the above-captioned matter (the "Action") that, in part, challenged HB9 as preempted by federal law and violative of the intergovernmental immunity doctrine and the Contract Clause of the U.S. Constitution. [ECF Doc. 1.] In connection with these allegations, the Complaint named as Defendants Attorney General Raúl Torrez, Governor Michelle Lujan Grisham, and the State of New Mexico.

8. Also on May 8, Plaintiff United States filed a Motion for Preliminary Injunction to prohibit Defendant State of New Mexico and its officials from enforcing Section 3 of HB9. [ECF Doc. 2, at 27.]

THEREFORE and to conserve the Parties' and judicial resources, to expeditiously move this litigation to resolution, and in consideration of the mutual promises, covenants, representations, and other consideration contained in this Stipulation, the Parties HEREBY AGREE as follows:

## 1.  No Admission of Liability

This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability, fault, or violation of any law, rule, or regulation on the part of Defendant State of New Mexico, its present or former departments, agencies, agents, officials, or employees.

## 2.  Defense of Litigation

This Stipulation shall not in any manner be construed as determinative of the issues raised in the Complaint or Motion for Preliminary Injunction, and shall not be deemed determinative or indicative of the likelihood of success on the merits of claims or the merits of the claims themselves. Further, this Stipulation does not represent or reflect the legal position of the Parties concerning alleged violations of law. In addition, notwithstanding the provisions of any paragraph herein, this Stipulation shall not bind or collaterally estop the Parties or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, whether in an individual or official capacity, or any of them, or all of them, from prosecuting or defending any and all issues raised, or from advancing any claims or defenses in this Action.

## 3.  Parties' Obligations and Commitments

Plaintiff United States agrees that, by executing this Stipulation, it is withdrawing its Motion for Preliminary Injunction [ECF Doc. 2] from this Court's consideration.

Defendants Attorney General Torrez and State of New Mexico agree that, by executing this Stipulation, they will not bring any civil action, as authorized by Section 5 of HB9, or take any other action to challenge or seek, demand, or require the termination of the Otero-ICE Agreement or Otero-MTC Agreement until the date on which a final judgment on the merits has been issued as to all claims in this action ("district court judgment date").

Each Party's foregoing agreement is contingent upon the other's compliance with the terms of this Stipulation.

Upon execution of this Stipulation, the Parties agree to submit this Stipulation to the Court to be "so ordered" and given immediate effect.

4. **Miscellaneous Provisions**

   a.  The Court shall retain jurisdiction over all matters concerning the terms of this Stipulation.

   b.  The Parties understand and agree that this Stipulation contains the entire agreement between them and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the Parties that are not included herein shall be of any force or effect.

   c.  It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.


IN WITNESS WHEREOF, the Parties hereto acknowledge that they have read this Stipulation and accept and agree to the provisions contained herein.

**IT IS SO ORDERED.**

DATED this [  ] day of May, 2026

BY THE COURT:

_____

The Honorable Kenneth J. Gonzales
Chief United States District Judge

DATED: May 13, 2026                              Respectfully Submitted,


                                                 /s/ Anjana Samant

                                                 RAÚL TORREZ
                                                 ATTORNEY GENERAL
                                                 NEW MEXICO DEPARTMENT OF
                                                 JUSTICE
                                                 Anjana Samant
                                                 Deputy Counsel
                                                 408 Galisteo Street
                                                 Santa Fe, NM 87501
                                                 Tel. (505) 490-4060
                                                 asamant@nmdoj.gov

                                                 *Counsel for Defendants Raúl Torrez
                                                 and State of New Mexico*

/s/Tiberius Davis

**Tiberius Davis**
Counsel to the Assistant Attorney General
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
(202)-860-8970
tiberius.davis@usdoj.gov


*Attorney for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2026, the foregoing Stipulation was filed with the Clerk of the Court, using the CM/ECF system, causing all parties to be electronically served.


<u>/s/ Anjana Samant</u>
Anjana Samant