## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**THE UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                            **No. 1:26-cv-01471-KG-LF**

**THE STATE OF NEW MEXICO;**
**MICHELLE LUJAN GRISHAM, in her**
**Official Capacity as Governor of the State**
**of New Mexico; RÁUL TORREZ, in his**
**Official Capacity as Attorney General of**
**the State of New Mexico; CITY OF**
**ALBUQUERQUE; TIMOTHY KELLER,**
**in his Official Capacity as Mayor of the**
**City of Albuquerque;**

    **Defendants.**

### GOVERNOR LUJAN GRISHAM'S MOTION TO DISMISS

Governor Michelle Lujan Grisham, by and through her counsel of record, hereby submits her motion to dismiss Plaintiff's Complaint [Doc. 1] pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] As grounds for this motion, the Governor states as follows:

### INTRODUCTION

The United States' suit against the State of New Mexico, Governor Lujan Grisham, and Attorney General Rául Torrez (collectively, the "State Defendants") fails for numerous reasons. In addition to failing on the merits,[2] its claims against the Governor are improper. The only action

---

[1] Counsel for the United States was contacted and confirmed they oppose this motion.

[2] The Governor incorporates by reference and adopts the Attorney General's arguments concerning why the United States' preemption, intergovernmental immunity, and Contracts Clause claims should be dismissed. *See* D.N.M.LR-Civ. 7.1(a); [Doc. 38].

the Governor is alleged to have taken—signing the Immigrant Safety Act into law—is a quintessential legislative act for which she is entitled to absolute legislative immunity. She is likewise immune from suit under the Eleventh Amendment because she has no enforcement authority under the Immigrant Safety Act and, therefore, does not fall within any exception to sovereign immunity. Thus, the Court should dismiss the Governor if it does not dismiss this action against the State Defendants in toto.

### BACKGROUND

As relevant to this Motion, the New Mexico Legislature passed House Bill 9, which enacted the Immigrant Safety Act, on February 3, 2026, and the Governor signed House Bill 9 into law two days later. *See* H.B. 9, 57th Leg., 2nd Sess. (N.M. 2026); *2026 Regular Session - HB 9*, N.M. Leg., https://www.nmlegis.gov/Legislation/Legislation?Chamber=H&LegType=B&LegNo =9&year=26 (last visited June 3, 2026). Among other things, the Act prohibits public bodies from entering into, modifying, or continuing agreements to detain individuals for federal civil immigration violations and requires termination of any such existing agreements at the earliest permissible date. *See* H.B. 9, § 3. The legislation specifically charges the Attorney General and district attorneys with enforcing the Act. *See* H.B. 9, § 5(A). The United States subsequently brought the instant action against the State of New Mexico, Governor Lujan Grisham, and Attorney General Raul Torrez, claiming the Immigrant Safety Act is preempted, contravenes principles of intergovernmental immunity, and violates the Contracts Clause. *See* [Doc. 1].

### DISCUSSION

**I.    Standard of review for a motion to dismiss under Rule 12(b)(6)**

The Court must dismiss a complaint under Rule 12(b)(6) if it fails "to state a claim upon which relief can be granted." "[T]o survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks and citation omitted). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rather, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007).

## II.    The Governor is entitled to legislative immunity

"The principle that legislators are absolutely immune from liability for their legislative activities has long been recognized in Anglo-American law." *Bogan v. Scott-Harris*, 523 U.S. 44, 48 (1998). But this immunity does not only apply to legislators. "[O]fficials outside the legislative branch are entitled to legislative immunity when they perform legislative functions." *Id.* at 55. Thus, "[a] governor who signs into law or vetoes legislation passed by the legislature is also entitled to absolute immunity for that act." *Kizzar v. Richardson*, 2009 WL 10706926, at *6 (D.N.M. Oct. 31, 2009) (quoting *Torres-Rivera v. Calderon-Serra*, 412 F.3d 205, 213 (1st Cir. 2005). When applicable, "[l]egislative immunity applies to actions seeking damages and declaratory or injunctive relief." *Bragg v. Chavez*, 2007 WL 6367133, at *9 (D.N.M. Nov. 13, 2007) (citing *Sup. Ct. of Va. v. Consumers Union of U.S.*, 446 U.S. 719, 732 (1980)).

Here, the United States does not, as it cannot, point to any action by the Governor other than acts she took in her legislative capacity. The only relevant act the United States claims the Governor took was signing the Immigrant Safety Act into law. *See* [Doc. 1 ¶¶ 5, 70]. But this is a quintessential legislative function protected by absolute legislative immunity. *See Kizzar*, 2009

3

WL 10706926, at *6; *accord Women's Emergency Network v. Bush*, 323 F.3d 937, 950 (11th Cir. 2003) ("Under the doctrine of absolute legislative immunity, a governor cannot be sued for signing a bill into law."); *see generally Bogan*, 523 U.S. at 55 (citing case for proposition that "signing or vetoing of a bill constitutes part of the legislative process"). Left with nothing else, this Court should dismiss the Governor.

### III.     The Governor is entitled to sovereign immunity

"The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (citation modified). "And because an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity, the Eleventh Amendment provides immunity when state officials are sued for damages in their official capacity." *Id.* (citation modified). Such immunity applies unless the state waives its sovereign immunity, Congress validly abrogates the state's immunity, or the suit falls within the legal fiction of *Ex parte Young*, 209 U.S. 123 (1908), by seeking prospective relief for the officials' ongoing violation of federal law. *See Harris v. Owens*, 264 F.3d 1282, 1290 (10th Cir. 2001).

The only potential exception to sovereign immunity does not apply here. The United States does not, as it cannot, claim that New Mexico has waived its sovereign immunity or that Congress has validly abrogated the state's immunity for this suit. *See generally* [Docs. 1-2]. Rather, it appears the United States relies solely on the *Ex Parte Young* exception by seeking prospective relief for state officials' alleged ongoing violation of federal law. However, this exception applies only if the Governor has "a particular duty to enforce the statute in question and a demonstrated

4

willingness to exercise that duty." *Peterson*, 707 F.3d at 1205 (citation modified).[3] That is not the

case here, as House Bill 9 is merely a general law that the Legislature has charged the Attorney

General with enforcing. *See* H.B. 9, § 5(A). Accordingly, the Governor is entitled to sovereign

immunity. *See Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 967 (10th Cir. 2021) (finding

that the Governor had sovereign immunity because she did not have "a particular duty to enforce

the challenged statute").

### CONCLUSION

For the foregoing reasons, this Court should dismiss the Governor if it does not dismiss the

United States' claims against the State Defendants in whole.

Respectfully submitted,

*/s/ Holly Agajanian*
**HOLLY AGAJANIAN**
*Chief General Counsel to Governor Michelle Lujan
Grisham*
**KYLE P. DUFFY**
*Deputy General Counsel to Governor Michelle
Lujan Grisham*
**LIZDEBETH CARRASCO-GALLARDO**
*Associate General Counsel to Governor Michelle
Lujan Grisham*
490 Old Santa Fe Trail, Suite 400
Santa Fe, New Mexico 87501
(505) 476-2200
Holly.Agajanian@exec.nm.gov
Kyle.Duffy@exec.nm.gov
Lizdebeth.Carrasco-Gallardo@exec
.nm.gov

---

[3] It also does not apply when, as here, a party sues a state directly. *See Norton v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 862 F.3d 1236, 1251 (10th Cir. 2017) ("Although the *Ex Parte Young* doctrine permits suits against *officials*, it has no application in suits against the States and their agencies, which are barred regardless of the relief sought." (citation modified)). As such, the Court should also dismiss the State of New Mexico as a party if it does not dismiss the suit against the State Defendants entirely.

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2026, I filed the foregoing via the CM/ECF filing system, which caused all counsel of record to be served by electronic means.

Respectfully submitted,

*/s/ Holly Agajanian*
Holly Agajanian