# EXHIBIT A

AN ACT

RELATING TO PUBLIC BODIES; ENACTING THE IMMIGRANT SAFETY ACT; PROHIBITING PUBLIC BODIES FROM ENTERING INTO AGREEMENTS USED TO DETAIN INDIVIDUALS FOR FEDERAL CIVIL IMMIGRATION VIOLATIONS AND REQUIRING THE TERMINATION OF ANY SUCH EXISTING AGREEMENTS; PROHIBITING PUBLIC BODIES FROM OTHERWISE USING PUBLIC PROPERTY TO FACILITATE DETAINING INDIVIDUALS FOR FEDERAL CIVIL IMMIGRATION VIOLATIONS.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF NEW MEXICO:

**SECTION 1.**   SHORT TITLE.--This act may be cited as the "Immigrant Safety Act".

**SECTION 2.**   DEFINITION.--As used in the Immigrant Safety Act, "public body" means a state or local government, a sheriff's department, an advisory board, a commission, an agency or an entity created by the constitution of New Mexico or any branch of government that receives public funding, including political subdivisions, special tax districts, school districts and institutions of higher education. "Public body" includes an entity or individual acting on behalf of or within the scope of the authority of the public body.

**SECTION 3.**   PROHIBITING PUBLIC BODIES FROM ENTERING INTO AGREEMENTS USED TO DETAIN INDIVIDUALS FOR FEDERAL CIVIL IMMIGRATION VIOLATIONS AND REQUIRING PUBLIC BODIES TO

HB 9/a
Page 1

TERMINATE ANY SUCH EXISTING AGREEMENTS.--

A.   A public body shall not enter into, extend, renew or otherwise agree to be a party to an agreement to detain individuals for federal civil immigration violations, including an intergovernmental services agreement to detain individuals for civil immigration violations.  A public body shall not enter into, extend, renew or otherwise agree to a rider, amendment, supplement or other modification to an agreement where the rider, amendment, supplement or other modification is to detain individuals for federal civil immigration violations.

B.   A public body that is a party to an existing agreement that is used to detain individuals for federal civil immigration violations shall, upon the effective date of the Immigrant Safety Act, terminate the agreement upon the earliest date permissible under the terms of the agreement, with respect to all provisions that relate to the detention of individuals for federal civil immigration violations.

C.   A public body shall not sell, trade, lease or otherwise dispose of any real property to be used for the detention of individuals for federal civil immigration violations.

D.   A public body shall not impose or continue in effect any law, ordinance, policy or regulation that violates or conflicts with the provisions of the Immigrant Safety Act.

HB 9/a
Page 2

E.   Nothing in this section shall be construed to limit the ability of law enforcement personnel to detain individuals or to perform brief investigative stops as permitted by state law.

SECTION 4.   PROHIBITING PUBLIC BODIES FROM ENTERING INTO AGREEMENTS TO DEPUTIZE OFFICERS, EMPLOYEES OR AGENTS TO PERFORM FUNCTIONS OF IMMIGRATION OFFICERS.--

A.   A public body shall not enter into, extend, renew or otherwise agree to be a party to an agreement to investigate, apprehend, detain or transport individuals pursuant to 8 U.S.C. Section 1357(g) or 8 C.F.R. Section 287.7.

B.   A public body shall not agree to be a party to an agreement that deputizes officers, employees or agents of the public body to perform a function of an immigration officer in relation to the investigation, apprehension, detention or transportation of noncitizens in the United States or the removal of noncitizens from the United States.

C.   A public body that is a party to an existing agreement to investigate, apprehend, detain or transport individuals pursuant to 8 U.S.C. Section 1357(g) or 8 C.F.R. Section 287.7 shall, upon the effective date of the Immigrant Safety Act, terminate the agreement upon the earliest date permissible under the terms of the agreement.  Where the termination clause of the agreement permits the public body

to invoke exigent circumstances involving public safety, the public body shall do so.

**SECTION 5.**  ENFORCEMENT.--

A.  The attorney general or a district attorney may institute a civil action in district court if the attorney general or district attorney has reasonable cause to believe that a violation of the Immigrant Safety Act has occurred or to prevent a violation of that act from occurring.

B.  In an action brought under Subsection A of this section, the court may award appropriate relief, other than monetary damages, to include declaratory and temporary, preliminary or permanent injunctive relief.

**SECTION 6.**  SEVERABILITY.--If any part or application of the Immigrant Safety Act is held invalid, the remainder or its application to other situations or persons shall not be affected.

HB 9/a
Page 4