# EXHIBIT B

# CITY of ALBUQUERQUE
## TWENTY SEVENTH COUNCIL

COUNCIL BILL NO. ___O-26-15___   ENACTMENT NO. ___O.2026.009___

SPONSORED BY: Klarissa J. Peña, Stephanie W. Telles, Joaquín Baca, Nichole Rogers

ORDINANCE

ADOPTING A NEW SECTION IN ROA 1994, CHAPTER 5, ARTICLE 1, PROHIBITING THE USE OF CITY PROPERTY FOR IMMIGRATION ENFORCEMENT; ADOPTING NEW ARTICLE IN ROA 1994, CHAPTER 13, TO BE KNOWN AS THE "SAFER COMMUNITY PLACES ORDINANCE."

WHEREAS, pursuant to Article II, Section 10 of the New Mexico Constitution, the people of New Mexico shall be secure in the persons and property from unreasonable searches and seizures, and all warrants, whether for search or seizure, shall be supported by a written showing of probable cause, supported by oath or affirmation, describing the persons or property subject to search or seizure; and

WHEREAS, pursuant to Article X, Section 6, as a home rule municipality, the City may exercise all legislative powers and perform all functions not expressly denied by general law or charter; and

WHEREAS, the City may exercise powers to protect the property of its inhabitants, preserve peace, and preserve order; and

WHEREAS, the City of Albuquerque is committed to ensuring the health, welfare, and safety of all of its residents, regardless of race, religion, immigration status, or national origin; and

WHEREAS, the City of Albuquerque is committed to welcoming and encouraging immigrants to live, work, and study in Albuquerque and to participate in community affairs; and

WHEREAS, immigration enforcement activity has historically undermined community trust, spread fear, and created barriers impeding residents from accessing essential City services; and

[Bracketed/Underscored Material] - New
[Bracketed/Strikethrough Material] - Deletion

1

WHEREAS, immigration enforcement activity, through federal agents, have used City property for staging areas, processing locations, and operations bases; and

WHEREAS, the use of these properties is inconsistent with the City's support of immigrant communities and its residents, interferes with the City's authority over its own resources, property, and personnel, and infringes on the City's exercise of home rule authority to safeguard its residents' health, welfare, and safety; and

WHEREAS, allowing the use of City property for immigration enforcement further erodes trust between residents and law enforcement, weakening the relationships that are essential to ensuring public safety and effective community policing; and

WHEREAS, the Bernalillo County Commission passed a "Safer Public Places" Ordinance in November 2025.

BE IT ORDAINED BY THE COUNCIL, THE GOVERNING BODY OF THE CITY OF ALBUQUERQUE:

SECTION 1. A new Section 5 of Chapter 5, Article 1 of the Revised Ordinances of Albuquerque, 1994 is hereby created as follows:

§ 5-1-5 PROHIBITING USE OF CITY PROPERTY FOR IMMIGRATION ENFORCEMENT PURPOSES.

(A) No City-owned and operated structure or venue, including but not limited to parking lots, vacant lots, garages, parks, or similar structures or venues, shall be used for immigration enforcement purposes, including as a staging area, processing location, or operations base. For the purposes of this section, "staging area" means an area that is used to assemble, mobilize, and deploy vehicles, equipment, or materials, and related personnel, for the purpose of carrying out immigration enforcement.

(B) Implementation and Enforcement.

(1) City Departments shall collaborate to identify City-owned and controlled structure or venue, including but not limited to parking lots, vacant lots, garages, parks, and similar structures or venues that either have been used, or are likely to be used in the future, as a staging area, processing location, or operations base for the purpose of immigration enforcement.

2

Where appropriate, City Departments shall ensure that all such properties have clear signage stating:

This property is owned and controlled by the City of Albuquerque.

It may not be used for immigration enforcement as a:

Staging Area,

Processing Location, or

Operations Base.

ROA 1994, § 5-1-5.

(2) City Departments shall, whenever appropriate and consistent with this section, secure access to City-owned and controlled structures or venues, including but not limited to parking lots, vacant lots, garages, or parks by means including, but not limited to, locked gates or barriers.

(3) City Departments shall develop the procedures necessary to implement this section. These implementing procedures shall provide that any City employee who becomes aware of the attempted or actual use of a City-owned and controlled parking lot, vacant lot, or garage as a staging area, processing location, or operations base for immigration enforcement shall immediately report to their supervisor, who will communicate with the Mayor and the City Attorney.

(4) In accordance with C/S R-18-7 (Enactment No. R-2018-018), the Immigrant Friendly City Policy, and this section, the City, its employees, contractors, or agents acting under the City's authority shall not approve any permit, contract or other agreement for use of City owned or controlled property or resources if the City, its employees, contractors, or agents have a reasonable belief the property or resources will be used for the purposes of facilitating immigration enforcement.

(5) In accordance with C/S R-18-7 (Enactment No. R-2018-018), the Immigrant Friendly City Policy, and this section, the City shall not use any City resources, including, but not limited to, moneys, equipment, personnel, vehicles, or facilities, nor permit any such resources to be used to transport individuals for immigration enforcement purposes, nor shall City property or resources be used to facilitate custody transfer or transport to federal immigration authorities absent a valid judicial warrant or court order.

[Bracketed/Underscored Material] - New
[Bracketed/Strikethrough Material] - Deletion

3

(6) In accordance with C/S R-18-7 (Enactment No. R-2018-018), the Immigrant Friendly City Policy, and this section, the City shall not use any City resources, including, but not limited to, moneys, equipment, personnel, vehicles, or facilities, nor permit any such resources to be used for immigration enforcement in spaces covered under the Safer Community Places Ordinance, ROA 1994, §§ 13-17-1 et seq.

SECTION 2. A new Article 17 of Chapter 13 of the Revised Ordinances of Albuquerque, 1994 is hereby created as follows:

§ 13-17-1 SHORT TITLE. This Chapter 13, Article 17 shall be known and cited as the "Safer Community Places Ordinance."

§ 13-17-2 DEFINITIONS. For the purpose of this article the following definitions shall apply unless the context clearly indicates or requires a different meaning:

*AFFECTED EMPLOYEE* is an employee identified by the immigration agency to be an individual who may lack work authorization, or an individual whose work authorization documents have been identified by the immigration agency inspection to have deficiencies.

*EMPLOYEE'S AUTHORIZED REPRESENTATIVE* is an exclusive collective bargaining representative.

*SAFETY PLAN* is a plan to protect workers, customers, and other individuals present at the place of business from unwanted intrusion by law enforcement into the private spaces of a place of business.

§ 13-17-3 SAFER COMMUNITY PLACES. Under the City's authority to ensure its inhabitants may access the resources and spaces necessary to promote their health, safety, and welfare in a manner free from discrimination, the City shall designate at least the following facilities as Safer Community Places:

(1) Hospitals and other healthcare facilities;

(2) Schools;

(3) Places where children routinely gather, including schools and daycares;

(4) Designated disaster and emergency response sites;

(5) City owned or operated facilities;

[Bracketed/Underscored Material] - New
[Bracketed/Strikethrough Material] - Deletion

4

(6) Community resource centers and direct service providers including legal service providers, homeless shelters, sexual and domestic violence providers, family justice centers, and human trafficking service providers;

(7) Work zones and construction sites on City property and within City rights of way;

(8) Courthouses and judicial facilities;

(9) Libraries, community centers, and cultural centers;

(10) Public transportation facilities and transit centers;

(11) Any location where City services are delivered to the public; or

(12) Other similar locations, as determined by the City.

§ 13-17-4 ENTRY INTO A SAFER COMMUNITY PLACE.

(A) The City shall develop the necessary policies within 30 days of the effective date of this Ordinance to prohibit a Safer Community Place from providing voluntary consent to law enforcement agents engaged in or supporting immigration enforcement from:

(1) Entering non-public areas; or

(2) Accessing, reviewing or obtaining student or patient records.

(a) This section does not prevent a Safer Community Place from complying with a valid judicial warrant authorizing a search of such records or a valid judicial subpoena or judicial order compelling production of such records; or

(b) This section does not prevent a Safer Community Place from providing consent to enter a Safer Community Place under exigent circumstances (involving an imminent threat to bodily harm or where law enforcement are in immediate pursuit of a suspect who has imminently fled into a private area).

(B) The City shall develop and implement a policy to ensure staff training and the posting of clear signage marking non-public spaces within City buildings and City funded facilities.

(C) For other facilities the City shall conduct outreach and request to work with building and location administrators to develop policy and training around private spaces and fourth amendment protections. The City shall offer signage and model policy language as part of this outreach.

[Bracketed/Underscored Material] - New
[Bracketed/Strikethrough Material] - Deletion

5

§ 13-17-5 DELINEATING PUBLIC AND PRIVATE SPACES.

(A) Within 90 days of the effective date of this Ordinance, the City shall:

(1) Develop a policy requiring all businesses applying for or renewing a City Business License to display signage delineating public and private spaces.

(2) Develop a policy of requiring businesses with five or more employees seeking to apply for or renew a City Business License to adopt a safety plan that meets minimum standards for compliance, along with template policies and informational resources, to be made available by the City and on the City's website.

(3) Develop a policy to request additional information or documentation as necessary to make a determination about the compliance with the minimum standards.

§ 13-17-6 WORKER NOTIFICATION.

(A) Notifying Employees of I-9 Inspection.

(1) An employer shall provide written notice to all current employees of an inspection by an immigration agency of I-9 Employment Eligibility Verification forms or other employment records, except as otherwise required by federal law.

(2) An employer must provide this notice no later than 24 hours after receiving a notice of inspection by an immigration agency by posting a notice in a conspicuous and accessible location and by making reasonable attempts to individually distribute notification to employees in the language the employer normally uses to communicate employment-related information to the employee.

(3) The notice to employees shall include:

(a) The name of the immigration agency conducting the inspection;

(b) The date the employer received the notice of inspection;

(c) the scope of the federal agency's notice of inspection, to the extent the employer knows;

(d) A website address, prescribed by the City, for a website that provides information provided by community organizations related to immigrant and refugee rights or workers' rights;

[Bracketed/Underscored Material] - New
[Bracketed/Strikethrough Material] - Deletion

6

(e) A copy of the notice of inspection; and

(f) Written notice shall also be given within 24 hours to the employee's authorized representative, if any.

(4) The City shall, within 90 days of the enactment of this Ordinance, make a template notice available on the City website so that it is accessible to any employer.

(B) Notice After I-9 Inspection.

(1) Except as otherwise required by federal law, if during an inspection of the employer's I-9 Employment Eligibility Verification forms by a government agency, the government agency makes a determination that an employee's work authorization documents do not establish that the employee is authorized to work in the United States and provides the employer with notice of that determination, the employer shall provide written notice to each affected employee, and to their authorized representative, if any:

(a) Written notice containing a description of any and all deficiencies or other terms identified in the written immigration inspection notice related to the affected employee;

(b) The time period for correcting any potential deficiencies identified by the immigration agency;

(c) The time and date of any meeting with the employer and employee to correct any identified deficiencies; and

(d) Notice that the employee has the right to representation during any meeting scheduled with the employer.

(2) The notice shall relate to the affected employee only and shall be delivered by hand at the workplace if possible and, if hand delivery is not possible, by mail and email, if the email address of the employee is known, and to the employee's authorized representative.

(C) Notifying Workers of Immigration Enforcement.

(1) If a law enforcement agent engaging in or supporting immigration enforcement is present at a place of work other than as part of an I-9 inspection, the business shall provide notice to all current employees, contractors, and others performing work for the employer for remuneration. The business must provide this notice within 24 hours of a law enforcement

[Bracketed/Underscored Material] - New
[Bracketed/Strikethrough Material] - Deletion

7

agent engaging in or supporting immigration enforcement being present at a place of work. The notice to employees, contractors, and others performing work for the employer for remuneration shall include:

(a) The name of the agency;

(b) The date the law enforcement agent actor was present at the place of work; and

(c) The nature of the law enforcement agent's actions.

(2) These notices shall be provided by the business in the language normally used by the employer to communicate work-related information to employees, contractors, or others acting on behalf of the business, and may be provided by electronic means such as email.

(3) The City shall, within 90 days of the enactment of this Ordinance, make a template notice available on the City website so that it is accessible to any employer.

§ 13-17-7 INTERPRETATION WITH OTHER PROVISIONS. This Ordinance is to be read in conjunction with the C/S R-18-7 (Enactment No. R-2018-018), the "Immigrant Friendly City Policy" and § 5-1-5 "Prohibiting Use Of City Property For Immigration Enforcement Purposes."

SECTION 3. SEVERABILITY. If any section, paragraph, sentence, clause, word or phrase of this Ordinance is for any reason held to be invalid or unenforceable by any court of competent jurisdiction, such decision shall not affect the validity of the remaining provisions of this Ordinance. The Council hereby declares that it would have passed this Ordinance and each section, paragraph, sentence, clause, word or phrase thereof irrespective of any provision being declared unconstitutional or otherwise invalid.

SECTION 4. COMPILATION. SECTION 1 of this Ordinance is to be compiled as a new Section 5 of Chapter 5, Article 1 of the Revised Ordinances of Albuquerque, New Mexico, 1994. SECTION 2 of this Ordinance is to be compiled as a new Article 17 of Chapter 13 of the Revised Ordinances of Albuquerque, New Mexico, 1994, titled "Safer Community Places Ordinance."

SECTION 5. EFFECTIVE DATE. This Ordinance takes effect five days after publication by title and general summary.

[Bracketed/Underscored Material] - New
[Bracketed/Strikethrough Material] - Deletion

8

PASSED AND ADOPTED THIS _____16th_____ DAY OF ___March___, 2026

BY A VOTE OF:____5____ FOR ____4____ AGAINST.

For: Baca, Fiebelkorn, Peña, Rogers, Telles

Against: Bassan, Champine, Grout, Lewis

_____
Klarissa J. Peña, President
City Council

APPROVED THIS ___23___ DAY OF _____, 2026

Bill No. O-26-15

_____
Timothy M. Keller, Mayor
City of Albuquerque

ATTEST:

_____
Ethan Watson, City Clerk

[+Bracketed/Underscored Material+] - New
[-Bracketed/Strikethrough Material-] - Deletion

9