# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>THE STATE OF NEW MEXICO; MICHELLE LUJAN GRISHAM, in her Official Capacity as Governor of the State of New Mexico; RAÚL TORREZ, in his Official Capacity as Attorney General of the State of New Mexico; THE CITY OF ALBUQUERQUE; TIMOTHY KELLER, in his Official Capacity as Mayor of the City of Albuquerque, BERNALILLO COUNTY; CINDY CHAVEZ, in her Official Capacity as Manager of Bernalillo County; DONA AÑA COUNTY; SCOTT ANDREWS, in his Official Capacity as Manager of Dona Aña County,<br><br>*Defendants*. | **Case No.: 1:26-cv-1471-KG-LF**<br>The Honorable Kenneth J. Gonzales |

## DEFENDANTS THE STATE OF NEW MEXICO'S AND ATTORNEY GENERAL RAÚL TORREZ'S MOTION FOR CLARIFICATION

Defendants the State of New Mexico and Attorney General Raúl Torrez (collectively, "State Defendants"), hereby move this Court to clarify that its Stipulated Order, Dkt. No. 12 (May 15, 2026), permits State Defendants to file an Answer and Counterclaim in this Action while their Motion to Dismiss is pending before this Court.[1]

---

[1] Consistent with Local Rule 7.1(a), counsel for Defendants contacted counsel for Plaintiff United States of America and confirmed that it opposes this motion.

**Procedural History**

Plaintiff initiated the above-captioned matter by filing a Complaint and Motion for Preliminary Injunction on May 8, 2026.  Compl. Dkt. 1; Mot. for Preliminary Injunction, Dkt. 2.

On May 13, 2026, State Defendants and Plaintiff filed a joint stipulation under which State Defendants agreed to "not bring any civil action, as authorized by Section 5 of HB9, or take any other action to challenge or seek, demand, or require the termination of the Otero-ICE Agreement or Otero-MTC Agreement until the date on which a final judgment on the merits has been issued as to all claims in this action ("district court judgment date")." Stipulation at 3-4, Dkt. 10. Accordingly, Plaintiff agreed to withdraw its Motion for Preliminary Injunction. *Id.* at 3. The Stipulation also provided that "notwithstanding the provisions of any paragraph herein, this Stipulation shall not bind or collaterally estop the Parties . . .  from prosecuting or defending any and all issues raised, or from advancing any claims or defenses in this Action." *Id.*

The Court adopted the stipulation and entered it as an order on May 15, 2026. Stipulated Order, Dkt. 12.

On June 22, 2026, Plaintiff filed an Amended Complaint. Am. Compl., Dkt. 42.

On August 3, State Defendants and Plaintiff completed briefing on State Defendants' Motion to Dismiss the Amended Complaint. *See* Notice of Completed Briefing, Dkt. No. 68, filed August 3, 2026.  That Motion is now ripe for decision.

**Request for Clarification**

To protect the sovereign interests of the State of New Mexico, State Defendants wish to file an Answer and Counterclaim in the present action. The counterclaims will challenge the validity of the Otero-ICE Agreement under state common law, the U.S. Constitution, and the Administrative Procedure Act, and name the U.S. Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), and the Board of County Commissioners for Otero County as

additional counter-defendants. All of the counter-defendants are subject to this Court's jurisdiction. In particular, the United States and its component agencies DHS and ICE have waived sovereign immunity as to the counterclaim. *See* 5 U.S.C. §§ 702–703.

State Defendants seek clarification from the Court that such a counterclaim is permitted under the Stipulated Order. That Order adopts the Parties' Stipulation, in which State Defendants expressly reserved their right to advance "any claims or defenses in this Action" "notwithstanding the provisions of any paragraph herein." Dkt. 10 at 3; *see generally Gallup Med Flight, LLC v. Builders Tr. of New Mexico*, 240 F. Supp. 3d 1161, 1219 (D.N.M. 2017). Because State Defendants' Counterclaim raises "claims in this Action," they understand that it is permitted by the Stipulated Order. *See id.* at 1220 (quoting *Battishill v. Farmers Alliance Ins. Co.*, 2006-NMSC-004, ¶ 8, 139 N.M. 24) ("[A contract] is not rendered ambiguous merely because a term is not defined; rather, the term must be interpreted in its usual, ordinary, and popular sense ... and may be ascertained from a dictionary.").

Further, clarification that the Stipulated Order permits State Defendants to file a counterclaim is all the more necessary because counterclaims are deemed compulsory where they "arise[] out of the transaction or occurrence that is the subject matter" of Plaintiff's claims and do not "require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). As explained above, the counterclaims here all pertain to the legality of the Otero-ICE Agreement, which is the same transaction that is the subject matter of this Action. Should State Defendants be barred from bringing claims in this Action that may be deemed compulsory counterclaims, they would be left without any forum in which to vindicate their legal rights. *See Pipeliners Loc. Union No. 798, Tulsa, Okl. v. Ellerd*, 503 F.2d 1193, 1198 (10th Cir. 1974) ("A related or compulsory counterclaim—as distinguished from a permissive counterclaim— must be pleaded or it is barred.").

State Defendants will not be withdrawing their fully briefed Motion to Dismiss, which is ripe for decision. *See* Fed. R. Civ. P. 12(b) (a motion to dismiss "must be made before pleading if a

responsive pleading is allowed"); *Brunig v. Clark*, 560 F.3d 292, 294 (5th Cir. 2009) (holding that filing

of an answer did not moot a pending motion to dismiss).

**Requested Relief**

State Defendants respectfully request that the Court clarify that its Stipulated Order permits

them to file an Answer and Counterclaim in this Action while their Motion to Dismiss is pending.


August 14, 2026                                                  Respectfully submitted,


*/s/ Amy Senier*

Raúl Torrez                                                      Jonathan L. Backer*
Attorney General                                                Mary B. McCord*
Anjana Samant                                                   Rupa Bhattacharyya
Deputy Counsel                                                  INSTITUTE FOR CONSTITUTIONAL ADVOCACY
Amy Senier                                                      AND PROTECTION
Senior Counsel                                                  GEORGETOWN LAW
Bailey Colfax                                                   600 New Jersey Ave. NW
Assistant Attorney General                                      Washington, DC 20001
NEW MEXICO DEPARTMENT OF JUSTICE                                (202) 661-6671
408 Galisteo Street                                             (202) 661-6730 (fax)
Santa Fe, NM 87501                                              jb2845@georgetown.edu
(505) 490-4060                                                  mbm7@georgetown.edu
asamant@nmdoj.gov                                               rupa.bhattacharyya@georgetown.edu
asenier@nmdoj.gov
bcolfax@nmdoj.gov

*Counsel for Defendants State of New Mexico and Attorney General Raúl Torrez*


*\*Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 14, 2026, I electronically filed the foregoing with the Clerk of the Court and served a copy upon all counsel of record registered to receive notice via the Court's CM/ECF system.

/s/ Amy Senier
Amy Senier