UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF NEW MEXICO, et al.;<br><br>Defendants. | Civil Action No. 1:26-CV-1471-KG-LF<br><br>UNITED STATES'S NOTICE OF SUPPLEMENTAL AUTHORITY |

Pursuant to Local Civil Rule 7.8, the Federal Government gives notice of a supplemental authority, *United States v. Virginia*, No. 3:26cv545, 2026 WL 2608952 (E.D. Va. Sept. 3, 2026), that is relevant to the motions to dismiss pending before the Court. *See* ECF 49, 50, 74, 75.

In that case, the United States moved to preliminarily enjoin a Virginia law voiding 287(g) agreements unless "extensive substantive changes" were made to their terms. *Virginia*, 2026 WL 2608952, at *11. The court ruled that the law was likely unconstitutional because it substantially impaired the agreements since it required localities to either heavily modify or void their agreements with the Federal Government. *Id.* The court also held that "'public safety, criminal justice, and orderly law enforcement' purposes" were not significant or legitimate because Virginia "d[id] not actually explain how the . . . [l]aw operates to effectuate these purposes." *Id.* at *13. The laws at issue here likewise substantially impair 287(g) agreements by requiring their terminations. And Defendants here also vaguely gesture to public safety, resource, and law enforcement justifications for their laws that are insubstantial and disconnected from the law.

The court also agreed with the United States that the law likely violated intergovernmental immunity principles because it "operates directly on the federal government by controlling what it must put in its contracts and how it must enforce federal immigration law." *Id.* at *16. Here, the

challenged laws do the same by restricting who may enforce federal law and what property they may use, and by requiring state officials to terminate agreements with the Federal Government as soon as possible.

The Court should follow *Virginia* and deny Defendants' motions.

DATED: September 22, 2026

Respectfully Submitted,

RYAN ELLISON
First Assistant United States Attorney
District of New Mexico

EMIL J. KIEHNE
Assistant U.S. Attorney
U.S. Attorney's Office
District of New Mexico
201 3rd Street NW, Suite 900
Albuquerque, New Mexico 87102
Telephone: (505) 346-6855
Email: emil.kiehne@usdoj.gov

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

TIBERIUS DAVIS
Counsel to the Assistant Attorney General

HILARY K. PERKINS
Director
Enforcement & Affirmative Litigation Branch

JACQUELINE COLEMAN SNEAD
Deputy Director, Affirmative Litigation
Section

*/s/ Alexander William Furtaw*
Alexander William Furtaw (District of
Columbia Bar No. 90036368)
Trial Attorney
Enforcement & Affirmative Litigation Branch
Civil Division, U.S. Department of Justice
450 Fifth Street, N.W., Ste 6400 South
Washington, D.C. 20001
Tel.: (202) 598-5667

*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2026, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Alexander William Furtaw*
Trial Attorney
U.S. Department of Justice