IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:26-cv-1471-KG-LF |
| | ) | |
| v. | ) | |
| | ) | |
| THE STATE OF NEW MEXICO, et al.; | ) | |
| | ) | |
| Defendants. | ) | |

**COMBINED NOTICE OF SUPPLEMENTAL AUTHORITY AND RESPONSE BY DEFENDANTS CITY OF ALBUQUERQUE AND MAYOR KELLER TO PLAINTIFF UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY**

The United States' notice of supplemental authority (ECF 96), citing *United States v. Virginia,* No. 1:26-CV-1471, 2026 WL 208952 (E.D. Va. Sept. 3, 2026), does not help it. There, thirty Virginia localities had section 287(g) cooperation agreements with ICE. A new Virginia statute required ICE to modify those agreements and to limit ICE's operations in the State. On a motion for a preliminary injunction, the court found Virginia's statute likely unconstitutional on two grounds: because it impaired existing contractual rights and because, by "address[ing] federal agencies by name" and issuing "explicit commands to those federal authorities," it directly regulated federal actors. *Id.* at *16. Neither holding applies to Albuquerque.

First, the United States has asserted no Contracts Clause claim against Albuquerque. There is no contract to impair; Albuquerque has no 287(g) agreement with ICE. Second, whereas Virginia's statute directly regulated federal agents, Albuquerque's Ordinance does not. It imposes no obligation on any federal officer; it commands no federal officer to do anything. ECF 71 (Albuquerque's Reply Br.) at 9-10. Accordingly, *United States v. Virginia*'s Contracts Clause holding concerns contracts Albuquerque does not have, and its direct-regulation holding concerns express commands to federal officers Albuquerque's Ordinance does not impose.

There is, however, intervening supplemental authority that is relevant here. Since briefing closed on Albuquerque's motion to dismiss, at least three more courts have addressed substantially similar claims, and their rulings cut strongly in Albuquerque's favor. *United States v. Washtenaw County*, No. 26-11166, 2026 WL 2453724 (E.D. Mich. Aug. 21, 2026); *United States v. City of Rochester,* No. 25-CV-6226, 2026 WL 2581845 (W.D.N.Y. Sept. 1, 2026); *United States v. New Jersey*, No. 26-1770, 2026 WL 2621025 (D.N.J. Sept. 4, 2026). All three decisions follow the distinction recognized and applied in *McHenry County v. Raoul*, 44 F4th 581 (7th Cir. 2022), *United States v. California*, 921 F.3d 865 (9th Cir. 2019), and other cases cited in Albuquerque's opening brief, upholding sanctuary policies—namely, that federal law may authorize ICE to seek local assistance, but it does not require States or localities to provide it. See ECF 40 (Albuquerque's Opening Br.) at n.1.

Respectfully Submitted,

*/s/ Devon P. King*
Devon P. King
Deputy City Attorney
One Civil Plaza NW
P.O. Box 2248
Albuquerque, New Mexico 87103
(505) 768-4628
dking@cabq.gov

*/s/ Joshua Karsh*
Toby Merrill*† (MA Bar # 601071)
Litigation Director
Public Rights Project
Sai Mohan* (CA Bar # 350675)
Joshua Karsh*††
Kayla Svihovec*‡ (DC Bar # 735588)
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
Toby.Merrill@publicrightsproject.org
Sai.Mohan@publicrightsproject.org
Joshua.Karsh@publicrightsproject.org
Kayla.Svihovec@publicrightsproject.org

* Admitted Pro Hac Vice.
† Admitted in Massachusetts; not admitted in California
†† Admitted in Illinois; not admitted in California.
‡ Admitted in D.C.; not admitted in California.

*Counsel for the City of Albuquerque and Mayor Timothy Keller*

**CERTIFICATE OF SERVICE**

I hereby certify that on Sept. 24, 2026, I filed the foregoing via the CM/ECF filing system, which caused all counsel of record to be served by electronic means.

Respectfully submitted,

*/s/ Joshua Karsh*
Joshua Karsh