**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

THE UNITED STATES OF AMERICA,

*Plaintiff*,

v.

THE STATE OF NEW MEXICO, et al.,

*Defendants*.

Case No.: 1:26-cv-1471-KG-LF

**DEFENDANTS THE STATE OF NEW MEXICO'S AND ATTORNEY GENERAL RAÚL TORREZ'S RESPONSE TO THE UNITED STATES'S NOTICE OF SUPPLEMENTAL AUTHORITY**

New Mexico disagrees with the district court's analysis in *United States v. Virginia*, No. 3:26cv545, 2026 WL 2608952 (E.D. Va. Sept. 3, 2026), *appeal docketed* No. 26-2258 (4th Cir. Sept. 8, 2026). Regardless, the decision does not support the United States's claims challenging HB9, N.M. Stat. §§ 13-0-1 to 13-9-6.

A defining feature of the statute at issue in *Virginia* is that it "demand[s] extensive substantive changes in the terms of . . . existing agreements" as a condition of continued voluntary participation in 287(g) agreements. 2026 WL 2608952, at *11. For example, the statute conditions participation in 287(g) agreements on the federal government refraining from conducting "immigration enforcement activity on the property of any school, faith-based organization, or courthouse within" Virginia. Va. Code Ann. § 15.2-1726.1(C)(4). Those provisions, in the district court's view, are "designed to change the way that federal immigration law is enforced, at least in Virginia." *Virginia*, 2026 WL 2608952, at *16. That feature of the Virginia statute is wholly unlike HB9, which merely exercises New Mexico's sovereign prerogative to refrain from participating in certain 287(g) agreements, without imposing any conditions on the federal government. *See* N.M. Stat. §§ 13-9-3, 13-9-4.

In addition, *Virginia*'s analysis of the United States's Contract Clause claim does not address several threshold arguments that New Mexico advances in this case. Specifically, the district court did not consider whether the Contract Clause is inapplicable under the reserved-powers doctrine or whether the agreements at issue are void as against public policy. MTD Am. Compl. 19–24, ECF No. 49. And in rejecting an argument similar to one advanced by New Mexico that 287(g) agreements are illusory promises, the court identified consideration that the federal government receives under those agreements, but none on the other side of the contractual equation. *Virginia*, 2026 WL 2608952, at *11; *see* MTD Am. Compl. 25. Moreover, the court did not address the language in 287(g) agreements disclaiming that they "create any rights, substantive or procedural, enforceable at law by any person." MTD Am. Compl. 25 (citation omitted).

Accordingly, *Virginia* fails to support the United States's arguments here.

September 25, 2026

Respectfully submitted,

<u>*/s/ Bailey Colfax*</u>

Raúl Torrez
Attorney General
Anjana Samant
Deputy Counsel
Bailey Colfax
Assistant Attorney General
NEW MEXICO DEPARTMENT OF JUSTICE
408 Galisteo Street
Santa Fe, NM 87501
(505) 490-4060
asamant@nmdoj.gov
bcolfax@nmdoj.gov

Jonathan L. Backer*
Rupa Bhattacharyya
Daniel J. Lenerz**
Mary B. McCord*
INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION
GEORGETOWN LAW
600 New Jersey Ave. NW
Washington, DC 20001
(202) 661-6671
(202) 661-6730 (fax)
jb2845@georgetown.edu
mbm7@georgetown.edu
rupa.bhattacharyya@georgetown.edu
dl1377@georgetown.edu

*Counsel for Defendants State of New Mexico and Attorney General Raúl Torrez*

**Admitted pro hac vice*
*** Pro hac vice forthcoming*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 25, 2026, I electronically filed the foregoing with the Clerk of the Court and served a copy upon all counsel of record registered to receive notice via the Court's CM/ECF system.

*/s/Bailey Colfax*
Bailey Colfax