**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>*Plaintiff*,<br>v.<br>THE STATE OF NEW MEXICO, et al.,<br>*Defendants*. | **Case No.: 1:26-cv-1471-KG-LF** |

**DEFENDANTS THE STATE OF NEW MEXICO'S**
**AND ATTORNEY GENERAL RAÚL TORREZ'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Local Civil Rule 7.8, New Mexico gives notice of a supplemental authority, *United States v. Virginia*, No. 26-2258 (4th Cir. Nov. 23, 2026) (Op.), attached as Exhibit A, that is relevant to the State's pending motion to dismiss (MTD), ECF No. 49.

In reversing a preliminary injunction against a law placing conditions on continued participation in Section 287(g) agreements by Virginia and its political subdivisions, the Fourth Circuit rejected nearly identical claims to those advanced here by the United States in challenging HB9.

First, for the reasons New Mexico has argued, MTD 15-18, the Fourth Circuit held that Virginia's law does not violate the intergovernmental-immunity doctrine and that the United States's arguments to the contrary "get basic federalism principles backwards." Op. 10. The court found "the most relevant decision" to be *McHenry County v. Raoul*, 44 F.4th 581 (7th Cir. 2022), and distinguished the United States's preferred precedents, *CoreCivic, Inc. v. Governor of New Jersey*, 145 F.4th 315 (3d Cir. 2025), and *United States v. King County*, 122 F.4th 740 (9th Cir. 2024). Op. 12-15 (finding *King County* "worlds away"). The court also emphasized that

intergovernmental-immunity analysis turns on "what [the challenged law] does," not what "motives may have given rise to it." Op. 15; *accord* MTD 15.

The Fourth Circuit also rejected the United States's Contract Clause claim for two reasons advanced here. *See* MTD 19-22, 25. First, the court found that the Virginia statute does not substantially impair Section 287(g) agreements because those agreements expressly permit the non-federal party "to unilaterally terminate without cause." Op. 16-18; *see also*26-cv-1471-KG-LF

*id.* at 16 (assuming without deciding that Section 287(g) agreements are contracts). And even if the agreements lacked such provisions, the court found that the Virginia law still would not violate the Contract Clause because it merely "reclaim[s] the Commonwealth's authority" to decide "whether and on what terms to assist with enforcing another sovereign's laws," which is "a core attribute of the Commonwealth's sovereign authority that no agent has the power to surrender." *Id.* at 20-21. The United States' Contract Clause claim here fails for the same reasons.

November 24, 2026

Respectfully submitted,


/s/ Bailey Colfax

Raúl Torrez
*Attorney General*
Anjana Samant
*Deputy Counsel*
Bailey Colfax
*Assistant Attorney General*
NEW MEXICO DEPARTMENT OF JUSTICE
408 Galisteo Street
Santa Fe, NM 87501
(505) 490-4060
asamant@nmdoj.gov
bcolfax@nmdoj.gov

Jonathan L. Backer*
Rupa Bhattacharyya
Daniel J. Lenerz*
Mary B. McCord*
INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION
GEORGETOWN LAW
600 New Jersey Ave. NW
Washington, DC 20001
(202) 661-6671
(202) 661-6730 (fax)
jb2845@georgetown.edu
mbm7@georgetown.edu
rupa.bhattacharyya@georgetown.edu
dl1377@georgetown.edu

*Counsel for Defendants State of New Mexico and Attorney General Raúl Torrez*

*Admitted pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 24, 2026, I electronically filed the foregoing with the Clerk of the Court and served a copy upon all counsel of record registered to receive notice via the Court's CM/ECF system.

*/s/Bailey Colfax*
Bailey Colfax